**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**NYKA O'CONNOR,
D.O.C. # 199579,**

    **Plaintiff,**

vs.                                                                             Case No.  4:21cv113-WS-MAF

**SCOTT HARRIS, et al.,**

    **Defendants.**

_____/

## SECOND REPORT AND RECOMMENDATION

Plaintiff Nyka O'Connor submitted a nearly 200-page complaint, ECF No. 1, in this Court against seventeen Defendants.[1]  Because none of the Defendants were physically located with Plaintiff (who was incarcerated at the Wakulla Correctional Institution in Crawfordville, Florida, ECF No. 1 at 3), and there were no allegations of imminent danger, a Report and Recommendation was entered in March 2021 to deny Plaintiff's motion for in forma pauperis status and dismiss this case.  ECF No. 4.  That

---

[1] All of the Defendants are identified by Plaintiff as being either a United States Supreme Court justice or clerk, a judge from the Florida Fourth District Court of Appeal, or a judge or clerk from the Seventeenth Judicial Circuit in Florida.  ECF No. 1 at 1-7.

recommendation was adopted, ECF No. 8, and the case dismissed on April 15, 2021. ECF Nos. 8-9. Plaintiff thereafter filed a notice of appeal, ECF No. 10, but his appeal was dismissed on June 23, 2021, for failure to prosecute. ECF No. 15.

Plaintiff has now filed a motion in this Court to vacate the judgment pursuant to Rule 60(b)(2). ECF No. 16. The basis for the motion is Plaintiff's contention that there is "newly discovered evidence" that a family member has received "stimulus money" and is willing to pay the filing fee for this case. *Id.* He also contends that this case could be re-opened based on Rule 60(b)(6) - that is, "any reasons that justifies relief." *Id.* Plaintiff argues that he should not have to re-file this case which would only "clog up the court's docket." *Id.*

First, the Eleventh Circuit has "held that relief under Rule 60(b)(6) is inappropriate where the case falls into one of the other categories listed in subsections (1)–(5) of Rule 60(b)." United States v. Real Prop. & Residence Located at Route 1, Box 111, Firetower Rd., Semmes, Mobile Cty., Ala., 920 F.2d 788, 791 (11th Cir. 1991) ("Firetower Rd.") (explained in Motes v. Couch, 766 F. App'x 867, 869 (11th Cir. 2019)). Thus, if the case fits within an enumerated reason under Rule 60(b)(2), relief cannot be

granted under Rule 60(b)(6).  Motes, 766 F. App'x at 869 (citing Solaroll Shade & Shutter Corp. v. Bio–Energy Sys., 803 F.2d 1130, 1133 (11th Cir. 1986)).  Subsection (b)(6) is only for "cases that do not fall into any of the other categories listed in parts (1)-(5) of Rule 60(b)."  Bouazizi v. Hillsborough Cty. Civ. Serv. Bd., 844 F. App'x 135, 140-41 (11th Cir. 2021).  Thus, Plaintiff is not entitled to relief under Rule 60(b)(6).

     Pursuant to Rule 60, a court is permitted to relieve a party "from a final judgment, order, or proceeding" for multiple reasons, five of which are expressly enumerated in Rule 60(b)(1)–(5).  Fed. R. Civ. P. 60(b).  Included among those reasons is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."  Fed. R. Civ. P. 60(b)(2).  "To prevail under Rule 60(b)(2), the moving party must show (1) that the evidence was newly discovered since the trial, (2) due diligence on the part of the movant to discover the new evidence, (3) that the evidence is not merely cumulative or impeaching, (4) that the evidence is material, and (5) that the evidence is such that a new trial would probably produce a new result."  Waddell v. Hendry Cnty. Sheriff's Office, 329 F.3d 1300, 1309 (11th Cir. 2003) (cited in Motes, 766 F. App'x at 869.  A Rule 60(b)(2) motion "is an extraordinary

motion and the requirements of the rule must be strictly met." <u>Toole v. Baxter Healthcare Corp.</u>, 235 F.3d 1307, 1316 (11th Cir. 2000) (quoted in <u>Waddell v. Hendry Cty. Sheriff's Off.</u>, 329 F.3d 1300, 1309 (11th Cir. 2003)).

Here, Plaintiff's motion does not meet the requirements of Rule 60(b)(2) because Plaintiff does not have "evidence," whether newly discovered or not. Plaintiff's belated knowledge that a family member had money that he or she was willing to use to pay the filing fee for this case is not "evidence" pertaining to this case. Rather, it is an ancillary, procedural matter and has nothing to do with testimony, documents, or tangible objects which tends to provide or disprove a fact alleged in Plaintiff's complaint. Accordingly, Plaintiff's Rule 60(b) motion should be denied.

If Plaintiff desires to proceed with the claims presented in his complaint, Plaintiff must file a new civil rights action. In doing so, Plaintiff is advised that he must simultaneously pay the full amount of the filing fee at the time of case initiation. <u>Dupree v. Palmer</u>, 284 F.3d 1234 (11th Cir. 2002). It is not sufficient for a prisoner to "simply pay the filing fee after being denied in forma pauperis status." <i>Id.</i>

Case No. 4:21cv113-WS-MAF

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's motion to vacate judgment, ECF No. 16, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on August 11, 2021.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**